UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KESNA GRANT,

                    Plaintiff,                    15 CV 360 (ARR- JO)

                                                     **AMENDED**
      -against-                               **COMPLAINT**

CITY OF NEW YORK,
SHARTISIA LEWIS, and
DONALD BROWN,                          **PLAINTIFF DEMANDS**
                 Defendants.               **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Kesna Grant, by his attorneys, Lumer & Neville, as for his Complaint against the defendants, alleges, upon information and belief, as follows:

**PARTIES, JURISDICTION and VENUE**

       1.     At all relevant times herein, plaintiff Kesna Grant was an adult male resident of Kings County, in the City and State of New York.

       2.     At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

       3.     Defendants Shartisia Lewis and Donald Brown were at all relevant times for the purposes of this case employed by the City of New York as members of the NYPD.  Shartisia Lewis and Donald Brown are being sued in both their official and individual capacities..

4. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b)(2), because the events complained of herein occurred within the Eastern District of New York.

6. Plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under New York State Law.

7. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## FACTUAL ALLEGATIONS

9. On March 5, 2014, at approximately 10:30 a.m., plaintiff was lawfully in the area of 106 Marcus Garvey Boulevard, Kings County, New York.

10. Defendants approached, arrested and handcuffed plaintiff without probable cause or legal reason.

11. Plaintiff was not engaged in any criminal activity, nor was there any reasonable basis for defendants to believe that plaintiff was engaged in criminal activity.

12. The plaintiff was taken to a local area NYPD station house.

13. While at the station house, plaintiff was processed. He was held in custody before being transported to Central Booking.

14. Plaintiff was kept locked up in a cell at Central Booking for a period of hours.

15. Eventually, the Kings County District Attorney's Office declined to prosecute plaintiff and plaintiff was released from Central Booking without ever being brought before a judge.

16. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct, nor could the defendants have reasonably believed that probable cause to arrest plaintiff existed at any time.

17. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

18. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein, as required by law.

19. The decision to arrest plaintiff was objectively unreasonable under the circumstances known to the defendants at the time the defendants arrested the plaintiff.

20. The defendants never had probable cause to seize, detain or arrest the plaintiff, nor was it reasonable for the defendants to believe that such probable cause existed.

21. At all times relevant herein, the defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

22. Plaintiff repeats each and every allegation of paragraphs "1" through "21" of the complaint as if incorporated and reiterated herein.

23. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

24. Through the above-outlined illegal acts, the defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment and unlawful search of plaintiff's person and property. In so doing, the defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

25. By reason thereof, the individual defendant have violated 42 U.S.C. § 1983 and caused plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

26. Plaintiff repeats each and every allegation of paragraphs "1" through "25" of the complaint as if incorporated and reiterated herein.

27. The defendants, acting as agents and employees of the municipal defendant, intentionally and/or with reckless disregard, wrongly seized, searched, falsely arrested and imprisoned plaintiff.

28. The City of New York is vicariously liable to the plaintiff for the above conduct of the defendants under the doctrine of *respondeat superior*.

29. By reason thereof, defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

30. Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally as follows:

    i.    Actual and punitive damages against the individual defendants in an amount to be determined at trial;

    ii.    Actual damages against the City of New York in an amount to be determined at trial;

    iii.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    iv.    Such other relief as the Court may deem just and proper.

Dated:  New York, New York
         June 1, 2015

                                          LUMER & NEVILLE

                        By:  /s/
                             James Concemore Neville, Esq. (JN-2128)
                             Attorneys for the Plaintiff Kesna Grant
                             225 Broadway, Suite 2700
                             New York, New York 10007
                             Tel.: (212) 566-5060
                             E-Mail: jneville@lumerneville.com